IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD L. YOUNG,

    Petitioner,

v.                                                                    No. 25-cv-0150-DHU-KK

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Richard L. Young's Petition for Writ of Habeas Corpus (Doc. 1) (Petition).  The Petition challenges Young's 2024 state murder conviction under 28 U.S.C. § 2254.  Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Young to show cause why the Petition should not be summarily dismissed for failure to exhaust state remedies.

### BACKGROUND

The following background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-202-CR-2021-1768.  The state criminal docket is subject to judicial notice.  *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2024, Young pled guilty to second degree murder.  *See* Doc. 1 at 3.  The state court sentenced him to fifteen years imprisonment, with three years suspended.  *See* Judgment in Case No. D-202-CR-2021-1768.  Judgment was entered on September 4, 2024.  *Id*.  Young did not file any state appeal.  *See* Doc. 1 at 2.  Young filed the instant § 2254 Petition on February 12, 2025. He alleges the Judgment deviates from the agreed-upon sentence of twelve years.  Young did not

prepay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis*.  The Court will

address that deficiency below and screen the Petition under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions.  Courts review each

claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal

law.  *See* 28 U.S.C. § 2241(c)(3).  Even if there is a potential violation, "a habeas petitioner is

generally required to exhaust state remedies" before obtaining relief "under § 2254."  *Montez v.*

*McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  "The exhaustion requirement is satisfied if the

federal issue has been properly presented to the highest state court, either by direct review of the

conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534

(10th Cir. 1994).  In New Mexico, this means the petitioner must present all claims to the New

Mexico Supreme Court (NMSC).  "The exhaustion requirement can only be excused in the

"absence of available State corrective process or because circumstances exist that render such

process ineffective to protect the rights of the applicant."  *Magar v. Parker*, 490 F.3d 816, 818

(10th Cir. 2007).  "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly

permitted" where the failure to exhaust appears on the face of the petition.  *United States v.*

*Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

The Petition clearly reflects that Young did not present his federal claims to the NMSC.  In

response to the question: "Have the grounds being raised in this petition been raised previously in

your direct appeal?" Young writes: "this is [the] first petition."  *See* Doc. 1 at 2.  Young provides

the same answer to the question about state habeas petitions.  *Id.*  The Secured Odyssey Public

Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the

failure to exhaust.  *See* https://securecourtcaseaccess.nmcourts.gov/.  The SOPA system reflects that Young has not appealed his murder conviction to the NMSC.

For these reasons, the Court will require Young to show cause in writing why his § 2254 Petition should not be summarily dismissed for failing to exhaust state remedies.  If Young seeks to stay this proceeding, he must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and" the absence of "intentionally dilatory litigation tactics." *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (holding the factors addressing a stay set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) – which applies to mixed petitions – may also be relevant where there is a total failure to exhaust).  The show-cause response is due within thirty (30) days of entry of this ruling.  By the same deadline, Young must pay the $5.00 filing fee or file an *in forma pauperis* motion that attaches a copy of his inmate account statement.  *See* Habeas Corpus Rule 3(a)(2).  The failure to comply with each directive may result in dismissal without prejudice to refiling after the state exhaustion process is complete.

If Young concedes the failure to exhaust, he does not need to respond to this ruling.  He can instead pursue relief through a state habeas petition.  Young is warned that the federal habeas limitation period will generally expire one year after his criminal judgment becomes final.  *See* 28 U.S.C. § 2244(d)(1)(A).  If he plans to seek state habeas relief, Young should file that motion in state court as soon as possible to toll the one-year federal limitation period.  *See Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000) (the federal limitation period is tolled between the date a state habeas petition is filed and the date that the state supreme court denies certiorari relief on appeal).

**IT IS ORDERED** that within thirty (30) of entry of this ruling, Young must: (1) file a response showing cause, if any, why his § 2254 Petition should not be dismissed for failure to

exhaust state remedies; and (2) pay the $5.00 filing fee or, alternatively, file a motion to proceed *in forma pauperis* along with a copy of his inmate account statement.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE