IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD L. YOUNG,

    Petitioner,

v.                                                       No. 25-cv-0150-DHU-KK

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Richard L. Young's Petition for Writ of Habeas Corpus (Doc. 1) (Petition). The Petition challenges Young's 2024 state murder conviction under 28 U.S.C. § 2254. The Court previously directed him to show cause why the Petition should not be summarily dismissed for failure to exhaust state remedies. Young did not respond. Having reviewed the record and applicable law, the Court will dismiss the Petition without prejudice to refiling after the exhaustion process is complete.

### BACKGROUND

The following background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-202-CR-2021-1768. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2024, Young pled guilty to second degree murder. *See* Doc. 1 at 3. The state court sentenced him to fifteen years imprisonment, with three years suspended. *See* Judgment in Case No. D-202-CR-2021-1768. Judgment was entered on September 4, 2024. *Id*. Young did not file any state appeal. *See* Doc. 1 at 2. Young filed the instant § 2254 Petition on February 12, 2025.

He alleges the Judgment deviates from the agreed-upon sentence of twelve years. After filing the federal § 2254 proceeding, Young filed two state motions to reconsider and to amend his judgment. *See* Docket Sheet in Case No. D-202-CR-2021-1768. Those motions are still pending before New Mexico's Second Judicial District Court. *Id.*

By a ruling entered May 5, 2025, this Court screened the § 2254 Petition and determined Young failed to complete the state exhaustion process before filing his federal claims. The Court permitted Young to file a response within thirty days showing cause, if any, why this proceeding should not be summarily dismissed without prejudice. *See* Doc. 2 (Screening Ruling). The deadline to file a show-cause response expired on June 5, 2025. Young did not respond to the Screening Ruling. The Court will therefore dismiss the Petition as unexhausted, for the reasons set forth below.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's custody violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court. "The exhaustion requirement can only be excused in the absence of available State corrective process or because circumstances exist that render such process

ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

The Petition clearly reflects that Young did not present his federal claims to the New Mexico Supreme Court. In response to the question: "Have the grounds being raised in this petition been raised previously in your direct appeal?" Young writes: "this is [the] first petition." *See* Doc. 1 at 2. Young provides the same answer to the question about state habeas appeals. *Id.* The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Young has filed an appeal with the New Mexico Supreme Court.

The Screening Ruling set forth these principles, including the standard for exhaustion and futility. Young was warned that the failure to timely respond to the Screening Ruling and overcome the exhaustion requirement may result in dismissal without further notice. He did not file a show-cause response or otherwise seek a stay of this proceeding. *See* Screening Ruling at 3 (setting forth the legal standard for obtaining a stay). Accordingly, the Petition will be dismissed without prejudice pursuant to Habeas Corpus Rule 4 for failure to exhaust state remedies. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as reasonable jurists would not debate Young's failure to exhaust. *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

Young is reminded that he should continue prosecuting his state post-conviction motions

in Case No. D-202-CR-2021-1768.  If the state trial court denies relief, he should complete the appeal process with the New Mexico Supreme Court and refile his § 2254 action right after that appeal is concluded.  *See* 28 U.S.C. § 2244(d) (noting the federal habeas limitation period generally expires one year after the state criminal judgment becomes final, but the limitation period is stayed while a state post-conviction proceeding is pending or on appeal).

**IT IS ORDERED** that Richard L. Young's Petition for Writ Of Habeas Corpus (**Doc. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and a judgment will be entered closing the civil habeas case.

HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE